PORTO RICAN LEAF TOBACCO CO., recurrente, *v* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 840.—*Sometido:* Abril 11, 1931. *Resuelto:* Abril 30, 1931.

*J. H. Brown, C. Ruiz Nazario* y *G. E. González,* abogados de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Al anotar un contrato de refacción agrícola por unos ochocientos dólares (suma que iba a ser anticipada por la Porto Rican Leaf Tobacco Company a Narciso Cobián, un agricultor), el registrador excluyó del asiento una cláusula según la cual el agricultor constituía un gravamen sobre el remanente de la cosecha, para garantizar el pago de cualesquiera otras deudas que tuviera con la compañía al tiempo de efectuarse la liquidación, hasta la suma de $2,500.

 Según la definición estatutoria (Leyes de 1925, página 347):

"Entiéndese por contrato de refacción agrícola aquél mediante el cual una de las partes entrega y la otra recibe, con carácter devolutivo, determinadas cantidades de dinero efectivo o en especies, bien de una sola vez o en distintas ocasiones, para atender a la administración, sostenimiento, cultivo y mejoramiento de fincas rústicas, o para la construcción, conservación, reparación y explotación de edificios y maquinarias dedicadas a usos agrícolas o industriales en relación con el cultivo o la manufactura de cualquier producto agrícola, quedando afectos y gravados los frutos de las mismas fincas al pago de las cantidades recibidas, con los intereses acordados."

La misma sección de la ley también dispone que: "las partes, además, podrán consignar en el contrato los pactos que estimen convenientes." A fin de que el "pacto" así consignado pueda ser inscrito como parte del contrato de refacción agrícola, debe ser germano al objeto del contrato o (con sujeción a ciertas excepciones) por lo menos debe envolver anticipos para fines agrícolas. Véase *Irving Bank Columbia Trust Company* v. *El Registrador de Caguas*, 33 D.P.R. 886.

En el presente caso el contrato en conjunto pretende ser una ampliación del convenio anterior sobre refacción agrícola por mil quinientos dólares ya recibidos por el agricultor. La cláusula que ahora tenemos bajo nuestra consideración debe ser interpretada en relación con su contexto. Es parte de un contrato sobre refacción agrícola. Fuera de la ausencia de cualquier limitación sobre la naturaleza de la deuda, nada hay que indique que las partes tenían en mente ningunas relaciones de futuros negocios que esencialmente fuesen distintas a las ya existentes entre ellas. Excepto en tanto fuesen ampliados por la cláusula en cuestión, ambos contratos se referían exclusivamente a siembra y cultivo de tabaco. Cualesquier anticipos para refacción agrícola, en exceso de las sumas especificadas como tales anticipos en cualquiera de los dos contratos, o en ambos, y hasta una suma adicional

de $2,500, serían indudablemente una "deuda" existente al tiempo de la liquidación, a menos que fuesen pagados antes de ese tiempo. Cualquier saldo en descubierto a favor de la compañía después de extinguida la garantía fijada en el contrato original, formaría parte de tal deuda. Es una inferencia lógica que el pensamiento predominante entre las partes fué una garantía adicional por los anticipos ya hechos y la posibilidad de anticipos adicionales para refacción agrícola, no obstante el hecho de que el lenguaje usado era lo suficientemente amplio para abarcar cualquier otra forma de deuda existente al tiempo de la liquidación. De todos modos, cualquier saldo en descubierto bajo el contrato original y cualesquier anticipos futuros en exceso de los $800 especificados en el nuevo contrato, estaban incluídos en la deuda garantizada por la cláusula en cuestión. En tanto en cuanto dicha cláusula se refiere a·una deuda proveniente de uno u otro contrato de refacción agrícola, no debió haber sido excluída.

*Debe revocarse la nota recurrida.*