Porto Rican Leaf Tobacco Company, recurrente, *v.* El Registrador de la Propiedad de Guayama, recurrido

No. 848.—*Sometido:* Mayo 28, 1931. *Resuelto:* Julio 20, 1931.

*J. H. Brown, C. Ruiz Nazario* y *G. E. González,* abogados de la recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

En un contrato de refacción agrícola, al que se refiere el presente caso, aparece una cláusula cuyo texto literal es como sigue:

"El agricultor grava a favor de la Compañía cualquier remanente que resulte de la liquidación del tabaco cosechado de acuerdo con el presente contrato, para garantizar cualquier deuda que en el momento de efectuarse tal liquidación tenga contraída el agricultor con la Compañía y sea entonces exigible al agricultor, hasta la suma de cinco mil dollars."

El Registrador de la Propiedad de Guayama, al presentársele para anotación el referido contrato, puso la siguiente nota:

"Anotado el precedente contrato, complementado por otro de ampliación entre las mismas partes, en cuanto a la cláusula del mismo que fué anteriormente denegada, con vista de la resolución de la Hon. Corte Suprema de Puerto Rico en el caso No. 840 de The Porto

Rican Leaf Tobacco Company v. Reg., de fecha 30 de abril de 1931, limitándose la anotación de la mencionada cláusula a las deudas provenientes de uno u otro contrato de refacción (el original y su ampliación) y denegándose la anotación de la referida cláusula en cuanto a cualquier otra deuda que no proceda de dicha refacción, tomando en su lugar anotación preventiva por 120 días de acuerdo con la ley al folio 217 vuelto del tomo 11 de C. A. de Cidra, finca No. 475, anotación D.''

En el caso *Porto Rican Leaf Tobacco Co.* v. *El Registrador de la Propiedad de Guayama,* No. 840, resuelto en 30 de abril de 1931, 42 D.P.R. 180, dijimos lo siguiente:

''En el presente caso el contrato en conjunto pretende ser una ampliación del convenio anterior sobre refacción agrícola por mil quinientos dólares ya recibidos por el agricultor. La cláusula que ahora tenemos bajo nuestra consideración debe ser interpretada en relación con su contexto. Es parte de un contrato sobre refacción agrícola. Fuera de la ausencia de cualquier limitación sobre la naturaleza de la deuda, nada hay que indique que las partes tenían en mente ningunas relaciones de futuros negocios que esencialmente fuesen distintas a las ya existentes entre ellas. Excepto en tanto fuesen ampliados por la cláusula en cuestión, ambos contratos se referían exclusivamente a siembra y cultivo de tabaco. Cualesquier anticipos para refacción agrícola, en exceso de las sumas especificadas como tales anticipos en cualquiera de los dos contratos, o en ambos, y hasta una suma adicional de $2,500, serían indudablemente una 'deuda' existente al tiempo de la liquidación, a menos que fuesen pagados antes de ese tiempo. Cualquier saldo en descubierto a favor de la compañía después de extinguida la garantía fijada en el contrato original, formaría parte de tal deuda. Es una inferencia lógica que el pensamiento predominante entre las partes fué una garantía adicional por los anticipos ya hechos y la posibilidad de anticipos adicionales para refacción agrícola, no obstante el hecho de que el lenguaje usado era lo suficientemente amplio para abarcar cualquier otra forma de deuda existente al tiempo de la liquidación. De todos modos, cualquier saldo en descubierto bajo el contrato original y cualesquier anticipos futuros en exceso de los $800 especificados en el nuevo contrato, estaban incluídos en la deuda garantizada por la cláusula en cuestión. En tanto en cuanto dicha cláusula se refiere a una deuda proveniente de uno u otro contrato de refacción agrícola, no debió haber sido excluída.''

La nota puesta por el registrador de la propiedad, se ajusta a la letra y espíritu de la ley vigente en la materia y a la doctrina contenida en la resolución que acabamos de citar.

*Por tales razones, debemos confirmar la nota recurrida.*

El Juez Asociado Señor Hutchinson, disintió.*